JUSTICE HUNT,
dissenting:
I dissent. In denying the plaintiffs’ motion for judgment notwithstanding the verdict or, alternatively, for a new trial, the District Court stated that it was “hard pressed to understand how the jury, under the facts and law presented, could have found for the [defendant ... .” I, too, am hard pressed to understand such a verdict.
The District Court instructed the jury as follows:
INSTRUCTION NO. 19
‘You are instructed that the State should be held liable for any injuries or death caused by a dangerous condition existing on its highways where such dangerous condition was created by the State *505 or its employees.”
It was uncontroverted that the dangerous condition that caused the accident in this case was a patch of ice on the highway that was formed by snow melting from a snow berm located on the high side of a super elevated curve. It was also uncontroverted that the snow berm was created by state highway department employees when they plowed snow from the highway onto the high side of the curve, despite the fact that the highway department’s maintenance manual specifically prohibited such activity.
The court also instructed:
INSTRUCTION NO. 18
‘You are instructed that where a hazardous condition exists on a highway and such hazard was created or maintained by the public authority it is not necessary to show as a condition precedent to liability that the public authority had notice of such condition for a sufficient length of time to remedy it.”
This instruction charged the State with notice of the hazardous condition if the condition was created or maintained by the State. As I pointed out above, no one contested the fact that the State created the hazardous condition by plowing snow on the upper side of a super elevated curve. The highway department manual itself warned of the dangers that could result from plowing snow in this manner by providing:
“Snow should not be deposited or allowed to accumulate on the high side of super elevated curves, as this may cause a dangerous situation when the snow thaws. Water may rim across the roadway, freezing as the temperature drops. All snow should be plowed from the upperside of the curves, when possible, to help avoid icy conditions.”
Despite this provision in the manual, the State argued that it could not have foreseen the accident that occurred on this curve. As the saying goes, “Give me a break!”
The court further instructed the jury:
INSTRUCTION NO. 14
“The State of Montana is not an insurer of the safety of persons who use the highways.
“A state must exercise reasonable care to keep the highways over which it has exclusive control reasonably safe for travel.
*506 “Inherent in the duty of reasonable care to be exercised by the defendant, State of Montana, when it knows or in the exercise of reasonable care should know of a hazardous condition, is the alternative duty either to eliminate hazardous conditions or to post adequate and appropriate signs to warn the traveling public of their presence if the conditions cannot be immediately corrected.”
This instruction required the State, once it had notice of the hazardous condition, to exercise reasonable care by either eliminating the danger or posting warning signs. The instruction provided that actual knowledge of the danger was not required, that constructive knowledge was adequate. As I pointed out above, the highway department manual put the crew members on notice of precisely the type of hazard created by snow piled along the side of a super elevated curve. Even though it may not have been possible to remove the snow berm, as the crew members testified, the instruction mandated the State to warn the public that the hazard existed. Having failed to warn, the State was hable for the accident.
The jury was also instructed:
INSTRUCTION NO. 21
“Where the highway patrol discovers a hazardous condition, such as an icy road, and there is a reasonable possibility of impending danger to users of the highway, he has a duty to take precautionary methods to prevent such danger.”
This instruction and the highway patrol officer’s testimony were red herrings. Whether Officer Vollrath thought the area was hazardous is not at issue here because it has already been established that the State had either actual or constructive knowledge of the hazardous condition through the highway department employees who created the hazard.
The facts of this case and the instructions established that the State, through the highway department crew members, had a duty to the public to exercise reasonable care to keep the highways in a reasonably safe condition. The State breached this duty by creating a dangerous condition, a snow berm on a super elevated curve. The State was charged with the knowledge of this condition because it created the condition. The foreseeability of the hazard was acknowledged by the highway department crew members as well as by the department manual. The State failed to either eliminate the hazard or post signs warning of the danger, thus incurring liability as a matter of law.
*507 While we are required to give great deference to the jury’s findings, there are times when the facts as applied to the instructions can lead to but one conclusion. Here, we have such a case. The evidence so overwhelmingly points toward the State’s liability that any other conclusion can only be attributed to a misapplication of the law of the case.
I would reverse the District Comb and remand for entry of judgment notwithstanding the verdict on the issue of liability and a new trial on the issue of damages.